# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Paul Carey,

      Plaintiff,

v.

Chaparral Boats, Inc.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 06-3974 ADM/AJB

---

Todd E. Gadtke, Esq., Hauer Fargione Love Landy & McEllistrem, Minneapolis, MN, on behalf of Plaintiff.

Nathan J. Marcusen, Esq., and Ryan L. Nilsen, Esq., Bowman & Brooke LLP, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

On September 14, 2007, the undersigned United States District Judge heard oral argument on Defendant Chaparral Boats, Inc.'s ("Chaparral") Motion for Summary Judgment [Docket No. 11]. Plaintiff Paul Carey ("Carey") asserts in his Complaint [Docket No. 1] claims for breach of Chaparral's express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312. For the reasons set forth herein, Chaparral's Motion is granted.

## II. BACKGROUND[1]

On June 16, 2005, Carey purchased a Chaparral boat from a Chaparral authorized dealer. Compl. ¶ 3. Chaparral provided Carey with an express limited warranty. Marcusen Aff. [Docket No. 14] Ex. 3. Under the terms of the warranty, Chaparral warranted Carey's boat against

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

defects for one year subject to several limitations.  Id.  Chaparral's express warranty excluded from coverage "Defects in paint or gelcoat finishes including blisters below the waterline, cracking, crazing, or minor discoloration."  Id.  Further, Chaparral's express warranty limited the duration of any implied warranty of merchantability to one year.  Id.

Carey asserts that his boat has several defects including a loose windshield, electrical problems, and interior cracking.  Compl. ¶ 7.  Wayzata Marine, the Chaparral authorized dealer and service provider, performed windshield repairs on Carey's boat under the warranty on July 6, 2005, and again on October 27, 2005.  Gadtke Aff. [Docket No. 18] Ex. 3.  There is no complaint that the windshield was not successfully repaired.  Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J. (hereinafter Pl.'s Mem.) at 20.

On four separate occasions Wayzata Marine performed repairs to the boat's electrical system.  On August 31, 2005, Wayzata serviced Carey's boat to repair the bow navigation light, Gadtke Aff. Ex. 5; on September 7, 2005, they serviced Carey's boat to repair the boat's radio, Id. Ex. 6; on October 27, 2005, they serviced Carey's boat to repair a problem with an interior light, Id. Ex. 7; and finally, on May 3, 2006, they serviced Carey's boat to repair a problem with the boat's engine that had prevented it from starting, Id. Ex. 9.  Again, Carey does not contend that any of the problems with the boat's electrical system have not been corrected.  Pl.'s Mem. at 20-21.

The majority of Carey's current complaints about his boat relate to cracking in the boat's finish.  Id. at 6-13, 21-24.  On July 6, 2005, Chaparral contracted Steve Torberg, a gelcoat and fiberglass specialist, to repair cracks in the cockpit and bow of the boat for a total cost of $2,610.  Gadke Aff. Ex. 4.  Torberg serviced Carey's boat to repair cracks in the boat's finish again on

September 7, 2005, Id. Ex. 6; December 15, 2005, Id. Ex. 8; and on June 15, 2006, Id. Ex. 10. As of May 2007 there are 20 additional cracks in Carey's boat amounting to a total repair cost of $6,327.50–these repairs have not been made. Id. Ex. 11.

### III.  DISCUSSION

**A.  Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.  Magnuson-Moss Warranty Act**

The Magnuson Moss Warranty Act provides for civil actions in federal court subject to specific jurisdictional requirements not at issue in this case. 15 U.S.C. § 2310(d). In such actions, a consumer may bring suit to recover from "a supplier, warrantor, or service contractor" for breach of a written warranty, implied warranty, or service contract. Id. In determining whether the warrantor has breached a written or implied warranty, this Court must look to state

law. See Walsh v. Ford Motor Co., 807 F.2d 1000, 1013 (D.C. Cir. 1986), *cert. denied*, 482 U.S. 915 (1987).

**C.      Express Warranty Claims**

Chaparral asserts that there is no genuine issue concerning breach of its express warranty because the windshield and electrical system were repaired within the warranty period and because the undisputed facts demonstrate that the cracks in the boat's finish are cracks in the gelcoat, which is expressly excluded from warranty. Def.'s Mem. in Supp. of Mot. for Summ. J. (hereinafter Def.'s Mem.) at 19-21, 24.

Carey asserts that the warranty fails of its essential purpose because Chaparrel failed to repair his boat within a reasonable time. Pl.'s Mem. at 19. Carey asserts there is a genuine issue of fact as to "whether the number of, and/or time for, the repair attempts" to the windshield and electrical system were reasonable. Id. Carey also asserts that there is a genuine issue as to whether the cracks in his boat are excluded from the express warranty. Id. at 23. Carey argues the deposition testimony demonstrates a genuine issue about whether the cracks are in the fiberglass of the boat, the gelcoat finish, or "something else." Id.

A repair-and-replace clause will fail of its essential purpose where circumstances arise to deprive either party of the substantial value of the bargain. Minn. Stat. § 336.2-719, U.C.C. Comment 1. Under Minnesota law, "[s]o long as the seller repairs the goods each time a defect arises, a repair-and-replacement clause does not fail of its essential purpose." Durfee v. Rod Baxter Imports, Inc., 262 N.W.2d 349, 356 (Minn. 1977). However, "if repairs are not successfully undertaken within a reasonable time, the buyer may be deprived of the benefits of the exclusive remedy." Id.

4

The record demonstrates that the problems relating to the windshield and electrical system were successfully repaired each time a defect arose. Accordingly, the question then becomes whether Carey has come forward with any specific facts to create a genuine issue as to whether the boat was repaired by Chaparral within a reasonable time. Carey has not. There are no facts in the record demonstrating the amount of time it took to repair the defects relating to the windshield or electrical problems and thus no way to determine whether Chaparral conducted those repairs in an unreasonable manner that deprived Carey the benefit of his bargain. The undisputed record is that the repairs were successful, and there are no facts of record to create a genuine issue that it took Chaparral an unreasonably long time to perform the repairs to the windshield and electrical system.

The record also does not demonstrate a genuine issue of fact to whether the cracks are covered under warranty. The uncontradicted testimony is that the defects in the boat's appearance are cracks in the boat's gelcoat finish. Daniel Gau, an employee of Wayzata Marine, testified that he is familiar with Carey's boat from having seen it numerous times and from discussing it with Carey. Gau Dep. (Marcusen Aff. Ex. 6; Gadtke Aff. Ex. 16) at 15-16. Gau testified that he had no knowledge of cracks in the fiberglass of Carey's boat. Id. at 36. Rather, Gau testified that the cracks in Carey's boat are gelcoat cracks. Id. at 38. Scott Lyber, who also works at Wayzata Marine, directed the repairs on Carey's boat. Lyber Dep. (Marcusen Aff. Ex. 7) at 24-25, 33. Lyber testified that all of the cracks in Carey's boat appear to be cracks in the gelcoat and that there are no cracks in the fiberglass of the boat. Id. Carey has not presented any evidence demonstrating that the cracks are in the fiberglass rather than the gelcoat finish.

For the foregoing reasons, Carey failed his burden to demonstrate a genuine issue of

material fact as to the express warranty and thus his claim that the warranty fails of its purpose must fail.

**D.      Implied Warranty Claims**

In Carey's Memorandum in Opposition to Chaparral's Motion for Summary Judgment, Carey argues that the cracking in his boat's finish demonstrates a breach of the implied warranty of merchantability.  Pl.'s Mem. at 12.  Chaparral asserts that this Court should not consider Carey's breach of implied warranty claim because it was not sufficiently pled in the Complaint.  Def.'s Mem. at 3.  In the alternative, Chaparral asserts that, even if timely pled, Carey's implied warranty claim cannot survive summary judgment.  Id.

The sole reference in the Complaint to an implied warranty is in a concluding paragraph requesting damages.  Compl. ¶ 13.  In specifying the relief sought, Carey claims he is entitled to "recover loss of use damages measured by the cost to rent a like boat for the periods during which the subject boat has not conformed to the written or *implied* warranties."  Id. (emphasis added).  Although barely mentioned, Chaparral arguably was provided with sufficient notice since Chaparral did address the implied warranty in its Answer to the Complaint.  Answer ¶ 19.  In its Answer, Chaparral asserted as part of its affirmative defenses that it "completely performed and fulfilled all of its obligations under and pursuant to the only warranties of any kind, either express or *implied*, written or oral, which it or anyone acting on its behalf has made with respect to the boat or any of its component parts identified in the Complaint."  Id. (emphasis added).  However, because the substance of Carey's claim cannot survive summary judgment this Court need not determine whether the claim was sufficiently pled.

Under Minnesota law, an implied warranty of merchantability requires that goods be "fit

for the ordinary purposes for which such goods are used." Minn. Stat. § 336.2-314(2)(c). "This warranty is breached when the product is defective to a normal buyer making ordinary use of the product." <u>Peterson v. Bendix Home Sys., Inc.</u>, 318 N.W.2d 50, 52-53 (Minn. 1982). In this case, the overwhelming evidence demonstrates that the cracks in the boat's finish are a cosmetic problem and in no way impact the boat's ordinary use. Steve Torberg testified that the cracks are a "cosmetic issue," Torberg Dep. (Marcusen Aff. Ex. 5, Gadtke Aff. Ex. 14) at 20, as did Scott Lyber who stated that the cracks could be characterized as a cosmetic problem that do not impact the structural integrity of the boat. Lyber Dep. at 23. Further, there is no evidence in the record that the cracks have prevented Carey from using his boat. Accordingly, there is no genuine issue as to whether Chaparral breached its implied warranty of merchantability.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 1, 2007.